IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

ESTATE OF VERA CUMMINGS,
by and through Personal Representative,
Elicia Montoya,

          Plaintiff,

v.                                                            No. CV 12-00081 WJ/RHS

UNITED STATES, et. al,

          Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION**

THIS MATTER comes before the Court upon Plaintiff's Motion for Reconsideration of Court's Memorandum Opinion and Order Granting Defendant MountainView's Motion for Summary Judgment **(Doc. 163)**, filed on August 15, 2014. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motion is not well taken and, therefore, is **DENIED**.

PROCEDURAL BACKGROUND

The Court's Memorandum Opinion and Order of August 5, 2014 **(Doc. 160)** discusses the factual and procedural background of this action in depth. For purposes of the instant motion, the relevant starting point is May 1, 2014, the deadline for Plaintiff to disclose expert witnesses and reports. This deadline was set by the pretrial magistrate judge assigned to this action, the Honorable Robert H. Scott, on the parties' joint request for an extension of discovery deadlines despite substantial discovery having already been completed by that time. *See* **(Doc. 112)**, Order

Granting in Part and Denying in Part Stipulated Motion to Extend Scheduling Order. Although the parties had asked him to grant a lengthier extension, Judge Scott rejected this request, as doing so would push the discovery deadlines too close to the trial setting that existed at the time.[1]

May 1 came and went without any disclosure of expert witnesses or reports by Plaintiff. On June 2, one day after its own expert disclosure deadline had passed, Defendant Las Cruces Medical Center d/b/a MountainView Regional Medical Center (hereinafter "MountainView") filed its Motion for Summary Judgment **(Doc. 120)**. MountainView's motion was largely premised on Plaintiff's failure to timely provide any expert reports supporting her allegations and, by contrast, its own expert testimony refuting Plaintiff's claims.

On June 16, Plaintiff filed an affidavit pursuant to Federal Rule of Civil Procedure 56(d), making only an oblique reference to her "nursing expert" and asserting that additional discovery was needed to oppose MountainView's motion without discussing why additional discovery was needed. Plaintiff also filed a partial response brief to MountainView's motion on the same day, explaining that she missed the May 1 deadline because she had mistakenly calendared dates other than those assigned by Judge Scott. MountainView filed its reply brief and a notice of completed briefing in the early afternoon on June 30.

That same evening, almost six hours after briefing closed on the motion for summary judgment, Plaintiff filed an opposed motion seeking to extend her already-expired expert disclosure deadline to August 15. On July 16, Judge Scott granted this motion in part, extending the relevant deadline only to August 1. **(Doc. 153)**, Order Granting in Part and Denying in Part Plaintiff's Motion to Extend Deadlines. No party objected to Judge Scott's Order under Rule 72(a), and Plaintiff apparently turned over several expert reports by August 1, *see* **(Doc. 159)**.

---

[1] The trial setting was eventually vacated upon the reassignment of this case to the undersigned judge.

On August 5, after this action had been reassigned to the undersigned judge, the Court granted MountainView's motion for summary judgment. **(Doc. 160)**, Memorandum Opinion and Order. In doing so, the Court first rejected Plaintiff's argument that her inadvertent calendaring mistake rose to the level of "some sort of 'excusable neglect'" justifying her late extension request, in light of her untimeliness and the prejudicial impact of a deadline extension on proceedings to date. The Court then observed that Plaintiff's Rule 56(d) affidavit failed to support her request for additional discovery with the specificity required by that rule and that in any event such affidavits were not intended to rescue parties who miss discovery deadlines. Finally, the Court held that MountainView was entitled to summary judgment on the challenged claims in the absence of any expert opinions or other evidence rebutting MountainView's argument that no genuine issues of material fact existed. Plaintiff filed the instant motion to reconsider ten days later.

## LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not expressly allow for "motions for reconsideration," the Tenth Circuit provides that such motions may be considered under Rule 59(e) or Rule 60(b), depending on the reasons expressed by the movant. *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011). A motion for reconsideration under Rule 59(e) is appropriate where, as Plaintiff argues here, the court has misapprehended the facts, a party's position, or the controlling law. *See id.*; *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants*, 204 F.3d at 1012 (citation omitted). A motion to reconsider is inappropriate if it

relitigates the same issues, presents new theories, introduces previously available evidence that was not proffered, or reargues the merits. *See id.* (citation omitted). The decision to grant or deny a motion under Rule 59(e) is left to the sound discretion of the trial court. *See Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).

Also relevant to this motion is Rule 72(a), which discusses the authority magistrate judges possess to issue rulings on nondispositive matters as well as the district court's power to review such decisions. FED. R. CIV. P. 72(a). After a magistrate judge rules on a nondispositive issue, the parties may file and serve objections to that order within fourteen days; if a party fails to do so, it has waived its opportunity to argue that the magistrate judge's ruling was erroneous. *See id.* "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

## DISCUSSION

Plaintiff's motion for reconsideration hinges on her argument that the Court improperly reversed Judge Scott's extension of her expert disclosure deadline, which impacted all other determinations in the Court's Memorandum Opinion and Order of August 5, 2014. However, the Court declines to reconsider its rulings because (1) MountainView's failure to object to Judge Scott's Order did not preclude the Court from reviewing that Order; (2) Plaintiff's law-of-the-case argument fails given the nature of the Order and the posture of the case; (3) the Court properly reviewed Judge Scott's Order under the "clearly erroneous or contrary to law" standard; (4) Judge Scott's Order was contrary to law and was appropriately overruled; (5) the Court did not err in refusing to admit Plaintiff's untimely expert reports; and therefore (6) the Court's holding in its Memorandum Opinion and Order was appropriate and need not be reconsidered.

## I. Failure to Object and Law of the Case

Plaintiff first argues that the law-of-the-case doctrine bound the Court and the parties to Judge Scott's July 16 Order since no party objected to that Order. Yet, "a party's failure to seek timely review" of a magistrate judge's nondispositive order "does not strip a district court of its power to revisit the issue." *See Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (citations omitted). This principle makes sense because if the Court itself rules on a nondispositive matter, the Court is free to correct its own interlocutory ruling in the future. *See Union Mut. Life Ins. Co. v. Chrysler Corp.*, 793 F.2d 1, 15 (1st Cir. 1986) (citing *United States v. U.S. Smelting, Refining & Mining Co.*, 339 U.S. 186, 199 (1950)).

Given the nature of the Order at issue here and the Court's inherent authority to review interlocutory orders, the law-of-the-case doctrine did not irrevocably bind the Court to Judge Scott's ruling. "Only final judgments may qualify as law of the case; where a ruling remains subject to reconsideration, the doctrine is inapplicable." *Unioil v. Elledge (In re Unioil, Inc.)*, 962 F.2d 988, 993 (10th Cir. 1992) (citations omitted). "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders." *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007); *see also* FED. R. CIV. P. 54(b) ("[A]ny order . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment . . . ."); *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *Allison v. Bank One-Denver*, 289 F.3d 1223, 1247 (10th Cir. 2002) ("A lower court's ability to depart from its own prior decisions is discretionary.")

A discovery order is interlocutory by nature. *See FirsTier Morg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991) (noting that discovery rulings are "clearly" interlocutory).

Where a magistrate judge's order only governs the scope of discovery rather than dispositive matters, it is not considered a final judgment or a final decision for law-of-the-case purposes and may be revisited by the Court. *See, e.g.*, *Poche v. Joubran*, 389 F. App'x 768, 774 (10th Cir. 2010) (unpublished) (citations omitted); *see also Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830-31 (8th Cir. 2008). Accordingly, Judge Scott's Order did not rise to the level of law of the case, did not preclude the Court's decision to review and overrule his decision, and does not require reconsideration of the Court's Memorandum Opinion and Order.

## II.     Review Under Rule 72(a)

Although the Court was empowered to review Judge Scott's nondispositive Order *sua sponte*, Plaintiff is correct that Rule 72(a)'s "clearly erroneous or contrary to law" standard governed this review, even without timely objections from the parties. *See Allen*, 468 F.3d at 658 (citation omitted). Under this standard, "the reviewing court [must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

Judge Scott's Order concerned the grant of a deadline extension after that deadline had passed. In such cases, extensions may only be granted on a finding that good cause existed for the extension and that the movant failed to timely act because of excusable neglect. *See* FED. R. CIV. P. 6(b)(1)(B). Excusable neglect is determined by considering four factors, including "[1] the danger of prejudice to [the nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) (quotation omitted) (construing FED. R. APP. P. 4(a)(5)(A)). This procedure exists in part to ensure that "a Scheduling Order is not [treated as]

a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *See Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000).

Notably, Judge Scott failed to make any findings concerning the presence or absence of good cause or excusable neglect to justify a deadline extension. Judge Scott's only express finding in his Order was that Plaintiff used "demeaning" language to complain of the Court's handling of this action. By contrast, when rejecting Judge Scott's holding under the Rule 72(a) standard, the Court plainly made findings on all four factors governing excusable neglect.

First, as to prejudice to MountainView, the Court noted that Plaintiff failed to request the deadline extension until after the motion for summary judgment had been fully briefed. Accordingly, MountainView was unable to address the impact of any subsequent expert disclosures on its summary judgment motion without requesting additional briefing on the matter. Moreover, the Court recognized Judge Scott's earlier admonition that undue extensions would disrupt other case management deadlines, which at the time included the deadline for filing pretrial motions and dates for the pretrial conference and trial setting. "When [an] order establishing an expert disclosure deadline also sets a deadline for pretrial motions, . . . [d]isruption to the schedule of the court and other parties is not harmless, even if, as here, the ultimate trial date was still some months away." *Jarritos, Inc. v. Reyes*, 345 F. App'x 215, 217 (9th Cir. 2009) (unpublished) (internal citations and punctuation omitted).

Relatedly, the Court also observed that the length of the delay and its impact on proceedings counseled against granting Plaintiff's requested extension. This was not a situation where Plaintiff asked for an extension shortly after the original deadline had expired, or even where Plaintiff sought the extension shortly after MountainView brought the missed deadline to

7

her attention through its summary judgment motion. Instead, Plaintiff waited to ask for the extension until shortly after briefing had closed on MountainView's motion. Further, the extension that was ultimately granted plainly disrupted proceedings, as Judge Scott was forced to subsequently move other discovery deadlines. *See* **(Doc. 170)**, Order Amending Scheduling Deadlines. In short, Plaintiff's delayed request for an extended expert disclosure deadline had a direct bearing on a pending dispositive motion as well as on other case management deadlines, supporting a finding that excusable neglect did not exist.

Third, "the reason for [the movant's] delay is an important, if not the most important, factor in [the excusable-neglect] analysis." *Estate of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 632 (D.N.M. 2013) (citing *Hamilton v. Water Whole Int'l Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008) (unpublished)). The Court accepted Plaintiff's statement that she inadvertently missed her expert disclosure deadline. However, "inadvertence . . . do[es] not constitute excusable neglect." *Quigley v. Rosenthal*, 427 F. 3d 1232, 1238 (10th Cir. 2005). Although "[g]enerally[] courts are more forgiving of missed deadlines caused by clerical calendaring errors[,] . . . courts are less forgiving when missed deadlines occur because of poor lawyering . . . ." *Scott v. Power Plant Maint. Specialists, Inc.*, Civ. A. No. 09-CV-2591-KHV, 2010 WL 1881058, at *3-4 (D. Kan. May 10, 2010) (unpublished) (citations omitted). Accordingly, even calendaring errors will not rise to the level of excusable neglect if they are the result of poor lawyering. *See Magraff v. Lowes HIW, Inc.*, 217 F. App'x 759, 761-62 (10th Cir. 2007) (unpublished) (finding that excusable neglect did not exist under FED. R. APP. P. 4(a)(5)(A) when attorney filed appeal one day late due to a calendaring error after missing numerous opportunities within the applicable thirty-day period). As the Court observed, Plaintiff's failure to abide by the correct deadlines was "simply not excusable" when Judge Scott had expressly listed the May 1 deadline in "a readily

accessible, unambiguous" order. *Cf. Delta Airlines v. Butler*, 383 F.3d 1143, 1145 (10th Cir. 2004) (quotation omitted) ("[C]ounsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless the word excusable is to be read out of the rule."). Thus, Plaintiff's reason for the delay, arguably the most important factor in this analysis, weighed strongly against a finding of excusable neglect and therefore weighed strongly in favor of the Court's finding that Judge Scott's decision was contrary to law.

Finally, the Court accepted that Plaintiff did not miss its expert disclosure deadline in bad faith. That said, satisfaction of this factor "alone would not be enough to overcome the other factors." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 954 (10th Cir. 2002) (considering similar standards for excluding evidence under Rule 26(a)). Moreover, the Court is reluctant to find that Plaintiff acted in good faith in asking for a deadline extension when she waited to do so until briefing had closed on the related summary judgment motion.

Because Judge Scott failed to expressly find that Plaintiff had established excusable neglect so as to justify the requested extension, and in light of the Court's consideration of the four factors that would govern such a finding, the Court was "left with the definite and firm conviction that a mistake ha[d] been committed." *See Allen*, 468 F.3d at 658 (quotation omitted). As such, the Court's overruling of Judge Scott's July 16 Order was appropriate under Rule 72(a)'s "clearly erroneous or contrary to law" standard.

Plaintiff has failed to bear her burden to show that reconsideration of this ruling is justified due to an intervening change in controlling law, newly available evidence, or the need to correct clear error or prevent injustice. Plaintiff's request that the Court reconsider its holding on this basis is therefore denied.

### III.   Exclusion of Untimely Disclosures

In the alternative, Plaintiff asserts that even if her expert disclosures were untimely, the Court should reconsider its decision to exclude them because her noncompliance with the May 1 deadline was justified or harmless. The Court already applied the appropriate analysis in determining that MountainView was prejudiced by the untimely disclosure, that Plaintiff could not cure her untimeliness with a late request for extension, that the admission of such untimely testimony at this late stage would disrupt proceedings, and that even the purported lack of bad faith did not justify the late disclosures in light of the other factors. *See* **(Doc. 160)**, Memorandum Opinion and Order, at 4-5; *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1176 (10th Cir. 2011); *see also Jacobsen*, 287 F.3d at 953 (holding that "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness" of an untimely disclosure). Though Plaintiff argues that the Court's determinations were wrong, she fails to show that the Court's analysis was clearly erroneous under Rule 59(e).

Plaintiff nonetheless argues that the Court erred because its conclusion resulted in fundamental unfairness, *see Jacobsen*, 287 F.3d at 953 (quoting *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir. 1994)), since exclusion of its untimely expert testimony ultimately led to a grant of summary judgment in MountainView's favor. Yet Plaintiff is certainly aware of the "general rule" that "when a party fails to comply with [her expert] disclosure requirements, that party is not allowed to introduce the expert witness's testimony . . . ." *See ClearOne Commc'ns, Inc.*, 653 F.3d at 1176 (quotation and internal punctuation omitted). After the parties had been afforded a substantial discovery period and multiple discovery extensions, the Court fails to see how fundamental unfairness would result from the application of this general rule. Because

Plaintiff has not shown that the Court's decision was the result of clear error or manifest injustice, she has not established that reconsideration of the Court's holding is justified on this basis.

## IV. Final Considerations

In closing, the Court observes again that Plaintiff's case for reconsideration rests entirely on her contention that the Court impermissibly rejected her untimely expert disclosures. Plaintiff does not argue, for example, that the Court erred in granting summary judgment for MountainView if the Court properly refused to accept her untimely disclosures. Nor does Plaintiff challenge the Court's determination that she failed to meet her Rule 56(d) burden to show that additional discovery was needed to respond to MountainView's summary judgment motion. Specifically, Plaintiff never stated in her Rule 56(d) affidavit **(Doc. 123)** that any expert disclosures were needed to rebut MountainView's motion. Instead, Plaintiff simply claimed that MountainView should disclose other witnesses "for [her] nursing expert to review" and that she wished to conduct depositions of other witnesses, all without explaining "why facts precluding summary judgment [could not] be presented" at that time. *See Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992); *see also id.* (recognizing that Rule 56(d) continuances must be based on statements in an affidavit and that "counsel's unverified assertion in a memorandum opposing summary judgment does not comply with" this requirement). The Court found that Plaintiff "failed to demonstrate how the additional discovery would aid in her responding to the motion for summary judgment," and Plaintiff has not argued for reconsideration of that finding.

Finally, even after Plaintiff untimely disclosed her expert witnesses and reports, Plaintiff did not request permission to file a surreply explaining how her expert disclosures rebutted

MountainView's motion for summary judgment, or even a second Rule 56(d) affidavit explaining why even more discovery was needed. Instead, Plaintiff now conclusorily asserts that her disclosures, by themselves, "conclusively refute[d]" MountainView's position. Even if, for the sake of argument, Plaintiff's expert disclosures had been admitted as timely, Plaintiff did not bother (and still has not bothered) to make even a cursory attempt at arguing how these exhibits negated MountainView's positions. Even on reconsideration, the Court would not sift through seventy pages of unmarked, unhighlighted expert reports to "craft a party's arguments for [her]." *See Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999).

## CONCLUSION

For the reasons herein stated, Plaintiff's Motion for Reconsideration of Court's Memorandum Opinion and Order Granting Defendant MountainView's Motion for Summary Judgment **(Doc. 163)** is **DENIED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE