IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

ESTATE OF VERA CUMMINGS,
by and through Personal Representative,
Elicia Montoya,

        Plaintiff,

v.                                                                                                                         No.  CV 12-00081 WJ/GBW

UNITED STATES OF AMERICA, et. al,

        Defendants.

**MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT
FOR LACK OF SUBJECT-MATTER JURISDICTION AND
DENYING AS MOOT PENDING MOTIONS FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court *sua sponte*. Having reviewed the parties' filings and applicable law, the Court finds that it lacks subject-matter jurisdiction over this action. Accordingly, pursuant to 28 U.S.C. § 2675(a) and Federal Rule of Civil Procedure 12(h)(3), this matter is DISMISSED without prejudice.

### BACKGROUND

This action concerns a Federal Tort Claims Act ("FTCA") claim of medical malpractice brought by Elicia Montoya ("Plaintiff"), as Personal Representative of the Estate of Vera Cummings ("Decedent"), against the United States of America ("Defendant"). The Court has previously discussed the factual and procedural background of this action in several Memorandum Opinions and Orders. *See, e.g.*, (**Docs. 62, 83, 160**). The Court will therefore omit

any discussion of the background of this case except where relevant for present purposes. All factual allegations herein are undisputed unless otherwise stated.

Decedent died on February 10, 2008. Plaintiff retained counsel at some point over the next two and a half years, and on September 15, 2010, Plaintiff's counsel hired an expert to review the circumstances surrounding Decedent's death. *E.g.*, **(Doc. 183)**, Response Brief, at 2. Although Plaintiff states that the expert had not yet reported his findings at the time, *see id.*, Plaintiff filed the underlying complaint in state court on January 28, 2011. Plaintiff's complaint alleged medical malpractice and other state-law claims against Dr. Leatherwood, two other physicians who treated Decedent, and other entities.[1]

Plaintiff's expert reported on March 15, 2011, that Decedent's death was caused by somnolence, malnutrition, and dehydration, all resulting from an inappropriately high level of sedation. *See id.* at 2-3. On April 5, 2011, Plaintiff filed Form SF-95, Claim for Damage, Injury, or Death with the United State Department of Health and Human Services ("DHS"). *See* **(Doc. 183 Ex. 1)**, SF-95. Attached to this form was an unsigned statement describing the basis for Plaintiff's claim and asserting that the form was filed within two years of the accrual of this claim. *Id.* The final line of this statement reads, "If the Federal Government chooses to take over this case then contact is requested with the Estate's counsel . . . ." *Id.*

Defendant removed Plaintiff's action to this Court on January 25, 2012, arguing that the physicians named in the complaint were acting within the scope of their federal employment and that the claims against them should be deemed an FTCA action against the United States. **(Doc. 1)**, Notice of Removal. Defendant thereafter filed a motion to dismiss the action, asserting that the FTCA was the exclusive remedy for Plaintiff's claim against the physicians and that the

---

[1] These other entities have since been dismissed from this action. *See* **(Doc. 60)**, Memorandum Opinion and Order; **(Doc. 160)**, Memorandum Opinion and Order.

Court lacked subject-matter jurisdiction over the dispute. **(Doc. 33)**, Motion to Dismiss. Defendant alleged two grounds for dismissal: (1) Plaintiff had failed to file an administrative claim with DHS within two years of the accrual of the claim; and (2) Plaintiff did not exhaust her administrative remedies before first filing her complaint. *Id.*

In her response brief, Plaintiff asserted that her claims were appropriately brought against Decedent's physicians pursuant to state law and, alternatively, that any FTCA claim did not accrue until Plaintiff's expert reported his findings to Plaintiff. *See* **(Doc. 39)**, Response Brief. Although Plaintiff claimed in passing that her complaint was timely filed, Plaintiff's brief presented no argumentation regarding exhaustion of remedies prior to filing. *See id.*

On June 4, 2013, United States District Judge Robert C. Brack ruled that the FTCA was indeed the exclusive remedy for Plaintiff's claims against Decedent's physicians, thereby deeming the United States as the appropriate Defendant in place of the physicians pursuant to 42 U.S.C. § 233(c). **(Doc. 83)**. However, Judge Brack otherwise denied Defendant's motion without prejudice in order to allow for further development of the record. *See id.* This case was reassigned to the undersigned on July 30, 2014, upon Judge Brack's recusal.

On November 19, 2014, the parties filed cross-motions for summary judgment. *See* **(Docs. 175, 176)**. However, on December 1, 2014, Defendant again filed a motion to dismiss this action for lack of subject-matter jurisdiction on the ground that Plaintiff's administrative claim was untimely filed. *See* **(Doc. 177)**, Defendant's Supplemental Motion to Dismiss.

## LEGAL STANDARD

"[F]ederal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Tokoph v. United States*, --- F.3d ---, ---, 2014 WL 7273030, at *4 (10th Cir. 2014) (quotation omitted). As such, the Court "presume[s] no jurisdiction exists

absent an adequate showing by the party invoking federal jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (quotation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

## DISCUSSION

Because the FTCA provides the exclusive remedy for Plaintiff's remaining claim, federal jurisdiction only exists pursuant to 28 U.S.C. § 1346(b). In its most recently filed motion to dismiss, Defendant contends that Plaintiff's FTCA claim is barred because she failed to file her administrative claim with DHS within the two-year statute of limitations set forth in 28 U.S.C. § 2401(b). *See* **(Doc. 177)**, Motion to Dismiss. However, the Court does not reach that argument, for even if Plaintiff's administrative claim was timely filed, Plaintiff did not exhaust her administrative remedies before filing her complaint as required under 28 U.S.C. § 2675(a).

Federal courts have exclusive jurisdiction over FTCA claims against the United States. *See* 28 U.S.C. § 1346(b). Because the FTCA constitutes a congressional waiver of the federal government's sovereign immunity, *see Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005), Congress has permissibly imposed certain conditions on actions brought under that enactment, *see United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("[T]he terms of [the United States's] consent to be sued in any court define that court's jurisdiction to entertain the suit."). One of these conditions on suing the United States is that a plaintiff must provide notice to the United States before pursuing an FTCA action in court. *See Estate of Trentadue*, 397 F.3d at 852. In particular, an FTCA action cannot be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a).

Because the FTCA constitutes a limited waiver of sovereign immunity, the notice and exhaustion requirements of § 2675(a) "must be strictly construed. The requirements are jurisdictional and cannot be waived." *See Estate of Trentadue*, 397 F.3d at 852; *see also Nero v. Cherokee Nation of Okla.*, 892 F.2d 1457, 1463 (10th Cir. 1989) ("[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." (citation omitted)). As such, a plaintiff who submits an administrative claim after filing a complaint is generally required to dismiss his existing complaint, then file a new suit. *See Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999). Even the filing of an amended complaint is generally insufficient to cure a failure to exhaust remedies under § 2675(a). *See id.* ("Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless . . . ."). Simply put, "Congress intended to require *complete* exhaustion . . . *before* invocation of the judicial process." *Id.* (quoting *McNeil*, 508 U.S. at 112) (emphasis added).

"[T]he majority of circuits . . . hold that a plaintiff cannot avoid the procedural requirements of the FTCA merely by suing the individual federal employee rather than the United States." *See Jackson v. United States*, 789 F. Supp. 1109, 1111 (D. Colo. 1992) (citing *Houston v. Postal Serv.*, 823 F.2d 896, 900 (5th Cir. 1987)). After all, since "an FTCA suit against the United States is the exclusive remedy for a tort committed by a federal employee within the scope of his employment, . . . a plaintiff should not be rewarded for suing the wrong defendant." *Id.* (citing, *e.g.*, *Houston*, 823 F.2d at 900), *see also Bradley v. United States*, 856 F.2d 575, 578 (3d Cir. 1988) ("[W]e think it would be extraordinary if a plaintiff could improve his procedural position by bringing his action against the wrong party."), *vacated on other*

*grounds*, 490 U.S. 1002 (1989). This rule applies with equal force to actions that are originally filed in state court against individual federal employees, then removed to federal court upon certification by the Attorney General that the United States should be deemed the proper defendant. *See Jackson*, 789 F. Supp. at 1111; *see also Duplan*, 188 F.3d at 1199.

An unpublished decision out of the Eastern District of California is typical of the approach taken by courts in these circumstances. In *Soto v. United States*, the plaintiffs brought a medical malpractice negligence claim in state court against a physician and her employing clinic. *See* No. CIV S-07-00866, 2007 WL 2601411, at *1 (E.D. Cal. July 21, 2010). After the case was removed by the United States pursuant to 42 U.S.C. § 233, the plaintiffs filed an administrative claim with DHS. *Id.* In opposing the defendant's motion to dismiss, the plaintiffs argued that they were previously unaware that the physician was a federal employee and requested "some relief" from the "rather harsh rule" barring their complaint. *See id.* at *1-2. Nonetheless, the district court cited *Duplan* and other decisions to conclude that the plaintiffs had failed to exhaust their administrative remedies and that dismissal was required. *See id.* at *2-3.

Here, it is beyond dispute that Plaintiff filed her complaint in state court over two months before submitting her administrative claim to DHS. The record does not establish when, or even whether, DHS ever denied Plaintiff's SF-95.[2] However, even if that claim has been denied, Plaintiff never dismissed and refiled her complaint; nor, for that matter, did Plaintiff even seek to amend her complaint. *Cf. Duplan*, 188 F.3d at 1199-1200 (permitting a rare exception to the strict construction of § 2675(a) where the parties and the district court had agreed that the plaintiffs could administratively close their case, exhaust their administrative remedies, then file an amended complaint and treat it as "a new action"). Therefore, the record clearly establishes

---

[2] Of course, Plaintiff could deem its administrative claim denied for exhaustion purposes if DHS did not formally deny that claim within six months of its submission. *See* 28 U.S.C. § 2675(a).

that Plaintiff failed to meet the jurisdictional requirements of § 2675(a) and that the present action should be dismissed.[3]

In reaching this conclusion, the Court is aware of Plaintiff's initial position that the FTCA does not apply to her claims, that this action belongs in state court, and that the complaint was filed only a few days prior to the expiration of New Mexico's three-year statute of limitations for medical malpractice actions. *See* **(Doc. 39)**, Response Brief. Nevertheless, for the reasons outlined above, Plaintiff is not relieved or exempted from the FTCA exhaustion requirements. *See Bradley*, 856 F.2d 575, 578; *Jackson*, 789 F. Supp. at 1111 (citation omitted). Moreover, the record in this case demonstrates that Plaintiff was not wholly unaware at an early point in this litigation that the FTCA could apply, as evidenced by the administrative claim Plaintiff submitted not long after filing her complaint. *See* **(Doc. 183 Ex. 1)** (requesting that the United States contact Plaintiff's counsel "[i]f the Federal Government chooses to take over this case"). Plaintiff's affirmative choice to pursue an alternative litigation strategy, though undoubtedly made in good faith, cannot justify a waiver of the FTCA's strict language.

## CONCLUSION

Because Plaintiff filed her complaint before exhausting administrative remedies as required by 28 U.S.C. § 2675(a), the Court lacks subject-matter jurisdiction over this action. Accordingly, pursuant to Rule 12(h)(3), Plaintiff's complaint is hereby DISMISSED without prejudice. In view of the Court's dismissal of this case for lack of subject-matter jurisdiction, all pending dispositive motions, **(Docs. 175, 176, 177)**, are DENIED as MOOT.

---

[3] The Court would normally consider seeking additional briefing from the parties before reaching this determination. However, given that Defendant raised this very issue over two and a half years ago, *see* **(Doc. 33)**, and that Plaintiff decided not to address this line of argument in its response, *see* **(Doc. 39)**, the Court concludes that further opportunities for briefing are unnecessary.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE