IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTATE OF VERA CUMMINGS,
by and through Personal Representative,
Elicia Montoya,

      Plaintiff,

      v.                                                  No. CV 12-00081 WJ/GBW

UNITED STATES OF AMERICA, et. al,

      Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR LACK OF SUBJECT MATTER JURISDICTION
and
AMENDED[1] ORDER REMANDING STATE CLAIMS
TO NEW MEXICO STATE COURT**

THIS MATTER comes before the Court on a Motion for Temporary Restraining Order and Preliminary Injunction, filed January 19, 2017 **(Doc. 207)** by Defendant Las Cruces Medical Center, LLC, d/b/a MountainView Regional Medical Center ("MountainView" or "Defendant" for purposes of this Order). Having reviewed the parties' briefs and applicable law, the Court finds that the motion must be denied because the Court has no subject matter jurisdiction to consider the merits of the motion.[2] Additionally, the Court sua sponte amends its previous Order remanding state claims to state court to include other supplemental claims that had been inadvertently overlooked in the Court's previous remand order to state court.

---

[1] The Order that has been "amended" refers to Doc. 204, which remanded only Plaintiff's supplemental claims against MountainView to state court, when it should have remanded all supplemental claims because of lack of subject matter jurisdiction. While the current "amended" order includes more detail about the case's procedural history, Document 204 is otherwise valid in following the directive from the Tenth Circuit Mandate Order and Judgment dated August 30, 2016.

[2] In light of the Court's disposition of MountainView's motion, the Court requires no responsive pleading.

# BACKGROUND

The underlying case is a medical negligence case allegedly resulting in wrongful death. It was filed in January of 2012 in the First Judicial District Court, County of Santa Fe, asserting state claims brought under the New Mexico Tort Claims Act. It was finally resolved more than four years later on August 31, 2016, following an appeal to the Tenth Circuit and a remand of supplemental state claims to state court. This case has a tortuous procedural history which is available for review in detail in various pleadings, *see, e.g.,* Docs. 60, 83, 160, & 196. The Court includes the salient procedural facts here.

## I.     Facts Prior Appeal to Tenth Circuit

Defendants removed the case to federal court on January 25, 2012 pursuant to 42 U.S.C. §233 (cases filed against commissioned officers or employees).[3] The United States (the "Government") then moved to dismiss claims against the individual physician-defendants on the ground that the New Mexico Tort Claims Act was inapplicable and that Plaintiff (or "the Estate") failed to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"). On June 4, 2013, U.S. District Judge Robert C. Brack, the presiding district judge over the case at that time, concluded that the FTCA was Plaintiff's exclusive remedy against the individual doctors, but that the record was not fully developed on discovery to determine whether Plaintiff had exhausted administrative remedies under the FTCA. Doc. 83.

Also soon after the case was removed, Defendant Community Health Systems, Inc. ("CHSI") moved to dissolve the state court order denying a motion to dismiss for lack of personal jurisdiction. On September 6, 2012, Judge Brack, exercising supplemental jurisdiction

---

[3] The Government provided certification that the individual physician-defendants were deemed to be Public Health Employees and that they were acting within the scope of their employment during the relevant time. After removal, the Government was substituted as party for the physician-defendants. *See* Doc. 83 at 2.

over Plaintiff's claims against CHSI concluded that there was no personal jurisdiction over CHSI. Doc. 60 at 4-10.

Discovery was especially prickly in this case. On August 5, 2014, the undersigned (who was reassigned the case on July 30, 2014), exercising supplemental jurisdiction over Plaintiff's claims against MountainView, awarded summary judgment to MountainView in part because of Plaintiff's failure of proof related to the expert disclosure deadline. Doc. 160 at 13.

On December 1, 2014, the Government filed a supplemental motion to dismiss revisiting the administrative exhaustion issue, but this time armed with additional information following discovery. This Court granted the motion on February 10, 2015, concluding that there was no subject matter jurisdiction over the case. The Order dismissed Plaintiff's complaint with prejudice and denied remaining dispositive motions as moot. Doc. 196. A Rule 58 Judgment was also entered. Doc. 197.

## II.   Facts Related to Appeal

The Estate appealed the district court's Order to the Tenth Circuit, including the order dismissing CHSI for lack of personal jurisdiction. However, as a result of the mediation process on appeal, the parties stipulated to its dismissal on appeal, and the Tenth Circuit entered an order dismissing the claim against CHSI with prejudice. Doc. 211, Ex. E.[4]

In an Order and Judgment dated June 7, 2016, the Tenth Circuit affirmed this Court's dismissal of claims against the Government, but vacated its rulings against MountainView with instructions to remand the case to state court, finding that this Court had no jurisdiction to exercise supplemental jurisdiction where there was no federal jurisdiction to begin with:

> If a district court dismisses the federal claims on the merits, it can as a matter of discretion exercise supplemental jurisdiction [under 28 U.S.C. §1367(a)]. But

---

[4] The Court refers to exhibits attached to the instant motion where those documents are not available on the Court's documents or in other pleadings.

> when a district court dismisses the federal claims for lack of subject matter jurisdiction, it lacks such discretion and must dismiss the supplemental claims without prejudice.

Doc. 203 (USCA Mandate; *see Estate of Vera Cummings by and through Personal Representative Elicia Montoya v. United States of America; Mountain View Regional Medical Center*, No. 15-2044 (10th Cir. June 24, 2016) ("Tenth Circuit Order and Judgment"). The final paragraph in the Order and Judgment affirmed this Court's dismissal of the federal claims, and stated that "[t]he district court's rulings on the supplemental claims **against Mountain View are VACATED** with instructions to the district court to remand to New Mexico state court. Doc. 203 at 14 (Tenth Circuit Order & Judgment) (emphasis added).

On August 31, 2016, following the mandate from the Tenth Circuit Order and Judgment, this Court entered an Order Remanding State Claims to New Mexico State Court, which ordered:

> . . . that the Clerk of Court shall REMAND Plaintiff's claims against Defendant MountainView to the First Judicial District Court, County of Santa Fe, State of New Mexico, as directed by the Tenth Circuit Court of Appeals.

Doc. 204.[5]

## DISCUSSION

MountainView filed this motion because after remand to state court, Plaintiff's counsel sent an email to counsel for MountainView stating that she would continue prosecuting CHSI in state court. MountainView seeks to enjoin Plaintiff from relitigating the claim against CHSI and in particular, the issue of personal jurisdiction. It contends that because this Court's order

---

[5] Although not apparent from the pleadings on the Court docket in this case, the Tenth Circuit had issued a previous Order and Judgment dated June 6, 2016 which stated that the "district court's rulings **on the supplemental claims** are VACATED with instructions to remand to New Mexico state court." Ex. G at 13 (emphasis added). CHSI found that this language "created ambiguity" and requested clarification from the Tenth Circuit as to the effect of its Order & Judgment on the supplemental claims against CHSI, asking the Court of Appeals to state that only the supplemental claims against MountainView were to be vacated and remanded to state court. Doc. 211 at 4. The Tenth Circuit found the request well-taken and entered a revised Order and Judgment which now states that the "district court's rulings on **the supplemental claims against Mountain View** are VACATED with instructions to the district court to remand to New Mexico state court*."* Doc. 211, Ex. D at 13 (emphasis added). The Mandate Order issued to this Court reflects the revised language.

dismissing CHSI was never vacated or remanded, this Court retained jurisdiction over the claims against CHSI, and as a result, this Court's order and judgment dismissing CHSI for lack of personal jurisdiction is binding.  The Court rejects all of these arguments.

I.      **Instant Motion Denied as Moot**

Defendant contends that despite the remand of this case to state court, this Court still has ancillary jurisdiction to enforce its own orders and judgments, even after remand.  *Metzger v. UNUM Life Ins. Co. of America*, 151 Fed.Appx. 648, 651–52, 2005 WL 2462139, at *3 (10th Cir. 2005) (citing *Peacock v. Thomas,* 516 U.S. 349, 356 (1996) (recognizing "use of ancillary jurisdiction in subsequent proceedings for the exercise of the court's inherent power to enforce its judgments"); *see also Jackson v. Carter Oil Co.*, 179 F.2d 524, 527 (10th Cir. 1950) (affirming district court's order enjoining plaintiff from further prosecuting and relitigating his claims in state court).

MountainView's reliance on this Court's ancillary jurisdiction is accurately described, but in this situation it is misplaced.  This Court does have ancillary jurisdiction to "manage its proceedings, vindicate its authority, and effectuate its decrees."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).  However, ancillary jurisdiction does not exist where subject matter jurisdiction does not exist. The codification of ancillary jurisdiction in 28 U.S.C. §1367 presumes that original jurisdiction is present before a court can take on related state claims:

> . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).[6]

---

[6] Ancillary jurisdiction does not have any particular connotation that is distinguishable from supplemental jurisdiction codified in § 1367, and the terms of §1367 do not acknowledge any distinction between pendent jurisdiction and the doctrine of so-called ancillary jurisdiction.  *See Exxon Mobil Corp. v. Allapattah Services, Inc.*,

The Court agrees with Defendant that the Court should take some action at this point, but it is not the action Defendant seeks. It has been definitively decided that this Court lacks subject matter jurisdiction over this entire case, including *all* supplemental state law claims. This means that in addition to vacating its ruling on the MountainView claims, the Court should have also vacated its rulings on the CHSI claim and remanded them both to state court in its remand order. Defendant's argument that the Court's ruling on the CHSI claim is now binding on this Court is specious. The fact that the Tenth Circuit narrowed the issues on appeal (based on the parties' stipulation of dismissal of the CHSI claim) does not alter the fact that subject matter does not exist over that claim, because parties cannot agree to waive subject-matter matter jurisdiction. *See Anderson v. U.S. Dep't of Labor*, 422 F.3d 1155, 1175 (10th Cir.2005). Defendant asks this Court to enforce its order on Plaintiff's claims against CHSI, but there is no order to enforce because this Court had no jurisdiction to decide the matter in the first place and thus, the Court has no jurisdiction to take up Defendant's motion now.

However, while the Court has no jurisdiction to decide MountainView's motion, this Court does have inherent jurisdiction to determine its own jurisdiction in matters. *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (court's inherent powers are governed not by rules or statutes but by the control necessarily vested in courts to manage their own affairs in order to achieve the orderly and expeditious disposition of cases) (citing *Link v. Wabash R.R.,* 370 U.S. 626, 630-32 (1962)); *see Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1201 (10th Cir. 2002) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) (jurisdiction is a threshold question which an appellate court must resolve before addressing the merits of the matter before it); *Bd. of Cty. Comm'ners for Garfield Cty, Colo. v. W.H.I, Inc. et al.*, 992 F.2d 1061, 1063 (10th Cir. 1993)

---

125 S.Ct. 2611, 2621, 545 U.S. 546, 559 (2005) (nothing in § 1367 "indicates a congressional intent to recognize, preserve, or create some meaningful, substantive distinction between the jurisdictional categories we have historically labeled pendent and ancillary").

(jurisdictional questions are of primary concern and can be raised at any time by courts sua sponte).

Accordingly, MountainView's motion is denied because this Court has no jurisdiction in this case to consider the motion.

## II.     Amendment of Court's Previous Order of Remand to State Court

Under its inherent jurisdiction, the Court must now attend to a piece of this case which has been left behind and inadvertently overlooked in its remand order to state court.

The Tenth Circuit Order and Judgment affirmed this Court's determination that it lacked subject matter jurisdiction over the case, but disagreed with its disposition of the supplemental claims, holding that this Court lacked discretion to rule on Plaintiff's supplemental claims against MountainView.  The Tenth Circuit could not, and did not, address the supplemental claims against CHSI because of the stipulated dismissal of those claims—but these claims are nevertheless subject to the same jurisdictional axe as were the claims against MountainView.

Plaintiff's supplemental claims against MountainView have been disposed of according to the Tenth Circuit mandate in its Order and Judgment, but the supplemental claims against CHSI remain in a kind of legal limbo.  This Court's intention was to incorporate all supplemental claims in its remand order to state court, as evidenced by the generic caption on the Order: "Order Remanding **State law Claims** to New Mexico State Court."  Doc. 204 (emphasis added). However, the decretal language specifically remanded only "Plaintiff's claims against Defendant MountainView" to state court, *id.* at 2, tracking the language in the Tenth Circuit mandate.  This Court, unaware of the stipulation on appeal which disposed of the claims against CHSI, overlooked those rulings made in this case which also should have been vacated in light of the Tenth Circuit's Order and Judgment.

Ideally, the Court would have expected either party to apprise the Court that one set of supplemental claims lingered behind and was not addressed in the Order remanding the MountainView claims to state court. The Court would have expected counsel to realize that the nature of the Tenth Circuit's treatment of the supplemental claims against MountainView (ordering this Court to VACATE those rulings) had an impact on all supplemental claims, including those asserted against CHSI which were not before the Tenth Circuit on appeal.[7]

That was not done, however, and now MountainView takes the untenable position that this Court's order and judgment dismissing CHSI for lack of personal jurisdiction are binding. The Court has already explained the imprudence of this position, and must now rectify its previous oversight. Specifically, in addition to vacating the rulings made on claims asserted against MountainView, the Court shall also vacate rulings made on the supplemental CHSI claims, and then remand the case to state court.

**THEREFORE,**

**IT IS ORDERED** that MountainView's Motion for Temporary Restraining Order and Preliminary Injunction **(Doc. 207)** is hereby DENIED for lack of subject matter jurisdiction;

**IT IS FURTHER ORDERED** that this Court's prior rulings on the supplemental claims asserted against CHSI (*see* Doc. 60) are hereby VACATED;

**IT IS FINALLY ORDERED** that, since this case has already been remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico (*see* Docs. 204, 205 & 206),

---

[7] As noted above, after the Tenth Circuit Order and Judgment was issued, MountainView took special pains to "clarify" that Order and Judgment, ostensibly to carve out any mention of the CHSI claims from the Tenth Circuit's ruling. *See* n.4, supra. The revised language does not accomplish what MountainView hoped for because the Order and Judgment clarifies *only* that the ruling applies to supplemental claims against MountainView. This language accurately reflects the fact that the supplemental claims against CHSI were not before the Tenth Circuit on appeal, so the Tenth Circuit would have no reason to include the CHSI claims in its Order and Judgment. However, the language does not, and cannot, operate to *except* the claims against CHSI from the reach of the Tenth Circuit Order and Judgment because as explained above, lack of subject matter jurisdiction nullified rulings made by this Court on any supplemental claim.

the Clerk of Court is **hereby directed to furnish that court with a copy of this pleading, along with any other pleadings filed in this case since it was remanded on August 31, 2016**.

A Rule 58 Judgment shall enter separately.

_____
UNITED STATES DISTRICT JUDGE