# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

---

ESTATE OF VERA CUMMINGS,
by and through Personal Representative,
Elicia Montoya,

      Plaintiff,

      v.                                No. CV 12-00081 WJ/GBW

UNITED STATES OF AMERICA; COMMUNITY
HEALTH SYSTEMS, INC., A foreign corporation,
d/b/a LAS CRUCES MEDICAL CENTER L.L.C.,
and MOUNTAIN VIEW REGIONAL MEDICAL CENTER,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION FOLLOWING REVERSAL AND REMAND
## FROM TENTH CIRCUIT COURT OF APPEALS

THIS MATTER comes before the Court upon a Motion for Temporary Restraining Order

and Preliminary Injunction, filed by Defendant Community Health Systems, Inc. ("CHSI" or

"Defendant") on March 2, 2018 **(Doc. 226)**, and following the Tenth Circuit Court of Appeal's

reversal and remand of this case. *See Estate of Cummings by & through Montoya v. Cmty.*

*Health Sys., Inc.*, 881 F.3d 793, 806 (10th Cir. 2018). Having reviewed the parties' pleadings, the

controlling law and in particular the Tenth Circuit's recent opinion in this case, and after hearing

oral argument of counsel at the hearing on March 7, 2018, the Court finds Defendant's motion is

well-taken and, therefore, is GRANTED.

## BACKGROUND

This case is a medical negligence case initiated by Elicia Montoya, as personal

representative of the Estate of Vera Cummins ("Plaintiff" or "the Estate"). This case has been

appealed to the Tenth Circuit twice, on matters having nothing to do with the actual merits of the

case. In order to provide context to the discussion, the Court provides a succinct procedural

chronology of the case:

- On January 28, 2011, the Estate filed this lawsuit in the First Judicial District Court, County of Santa Fe, State of New Mexico, alleging medical negligence resulting in wrongful death.

- The case was removed to federal court on January 25, 2012 on the basis of federal question jurisdiction pursuant to the Federal Tort Claims Act, 42 U.S.C. §§233(a).[1]

- September 6, 2012 (Doc. 60): This Court granted CHSI's motion to dismiss for lack of personal jurisdiction in New Mexico, thereby dissolving a previous state court order denying CHSI's motion to dismiss on the same grounds.[2]

- August 5, 2014 (Doc. 160): This Court granted a motion for summary judgment filed by Defendant Mountain View Regional Medical Center ("Mountain View"), finding that Plaintiff's failure to disclose an expert report was "fatal" to Plaintiff's medical negligence and negligent hiring/credentialing claims." Doc. 160 at 13.

- December 1, 2014 (Doc. 177): Motion to Dismiss filed by Defendant United States of America for lack of subject matter jurisdiction, and granted on February 10, 2015 (Doc. 196).

- March 9, 2015 (Doc. 198) – Notice of first appeal; Plaintiff argued that Court's rulings regarding Mountain View should be vacated if there was no subject matter jurisdiction over federal claim.

- August 30, 2016 (Doc. 203): Tenth Circuit Court of Appeals affirms district court dismissal of federal claims, directing the district court to vacate rulings on the supplemental claims against Mountain View and to remand those claims to New Mexico state court. ("First 2016 Order"). The mandate was silent as to the disposition of claims against CHSI).

- August 20, 2016 (Doc. 204): district court remanded Plaintiff's claims against Defendant Mountain View to First Judicial District Court, as directed by Tenth Circuit mandate.

_____

[1] At the hearing, Plaintiff's counsel informed the Court that the United States came into the case after almost a year of litigation at the state court level, and then removed the case here. The Notice of Removal states that the defendant doctors were covered by the provisions of the Federal Tort Claims Act as federal actors at the medical centers that were sued. Doc. 1 at 2-3.

[2] The case was assigned to U.S. District Judge Robert C. Brack at the time, and was reassigned to the undersigned on July 30, 2014. *See* Doc. 157.

- January 19, 2017 (Doc. 207) – Mountain View files Motion for Temporary Restraining Order and Preliminary Injunction to bar Plaintiff from pursuing claims against CHSI in state court. The pleading mentioned that during the appeal process, the parties had stipulated the dismissal with prejudice of the appeal of the district court's dismissal for lack of personal jurisdiction of the claims against CHSI.[3]

- January 25, 2017 (Doc. 212): the district court amended its August 20, 2016 remand order, finding that because it had no subject matter jurisdiction over the case, its rulings regarding the claims against CHSI (including the dismissal based on lack of personal jurisdiction) should be vacated as well and remanded those claims to state court.

- February 24, 2017 (Doc. 215): CHSI appeals the district court's order vacating the order that dismissed the claims against CHSI.

- January 29, 2018: – the Tenth Circuit Court of Appeals reversed the district court's order that vacated the dismissal of the claims against CHSI and the district court's remanding of those claims to state court.[4] *See* Doc. 224. In this second mandate, the Court of Appeals found that it was "improper to vacate the dismissal of CHSI and to remand the claims against CHSI to the state court." *Estate of Cummings,* 881 F.3d at 806 ("Second 2018 Order"). The case was remanded to district court "solely for the purpose of ruling on CHSI's request for injunctive relief with respect to the pending state proceedings." *Id.*

- March 2, 2018, Doc. 226: CHSI filed a second Motion for TRO or Preliminary Injunction, which was essentially a re-filing of the previous request (Doc. 207) for injunctive relief.

As noted above, this Court held a hearing on the matter on March 7, 2018. Notice was provided, as both parties briefed the issues raised in CHSI's motion and participated in the hearing through their counsel.

**DISCUSSION**

In this motion, CHSI resubmits its previous request for this Court to issue an order barring Plaintiff (the Estate) and its attorneys from continuing forward in the state court case, prosecuting claims against CHSI and disregarding the federal court ruling that there is no

---

[3] While Mountain View filed the motion requesting injunctive relief, it did so on behalf of CHSI. *See* Doc. 1-1 at 9 ("the directors or executives of the Mt View Reg'l Med'l center do not act independently but take direction from Community Health Systems, Inc. . . . ."

[4] The Tenth Circuit mandate was issued on February 20, 2018, *see* Doc. 224.

personal jurisdiction over CHSI in New Mexico. *See Estate of Vera Cummings et al., v. Leatherwood et al.,* Cause No. D-101-CV-2011-00375 ("state court case").

## I.	Threshold Matters

Plaintiff claims that CHSI's motion should be denied because it is procedurally defective. Fed.R.Civ.P. 65 requires that a request for injunctive relief must show immediate and irreparable injury through an affidavit or verified complaint and because the complaint attached to the motion (Doc. 227-3) is not sworn or supported by any affidavit or verified complaint, it does not meet the rule's requirements. However, an "affidavit or verified complaint" is required only when issuing a temporary restraining order ("TRO") without notice under Rule 65(b)(1)(A). Here, notice has been provided and so the Court's consideration is limited to determining whether a preliminary injunction should be granted, and not a TRO. Thus, Defendant was not required to submit an affidavit or verified complaint, and the Court finds that CHSI's motion is not procedurally defective.

Plaintiff also contends that this Court lacks jurisdiction to hear this motion or to enter a TRO or order for injunctive relief, citing to the Anti-Injunction Act, 28 USCS § 2283 which states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." This argument can be summarily rejected. As a general rule, even after a district court has entered judgment, it retains ancillary jurisdiction to enforce its own orders and judgments. *Peacock v. Thomas,* 516 U.S. 349, 356 (1996) (recognizing "use of ancillary jurisdiction in subsequent proceedings for the exercise of the court's inherent power to enforce its judgments"); *Metzger v. UNUM Life Ins. Co. of Am.*, 151 F. App'x 648, 651–52 (10th Cir. 2005) (without ancillary jurisdiction to enforce its own judgments,

"the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution" (citing *Peacock,* 516 U.S. at 356). In executing the Tenth Circuit's mandate to rule on CHSI's request for injunctive relief, this Court is certainly within its jurisdiction to "protect or effectuate its judgments."

At the hearing, Plaintiff's counsel repeatedly stated that the most recent Tenth Circuit Mandate was not a proper remand because there was no pending request for injunctive relief, and thus this Court is not required to comply with the mandate. However, counsel has overlooked the fact that CHSI (through Mountain View) *did* in fact file a prior request for injunctive relief before the second notice of appeal. *See* Doc. 207. In fact, it was that motion which prompted this Court's amended order vacating CHSI's dismissal and remanding those claims to state court. It was this ruling that led CHSI to file the second notice of appeal, in which the Tenth Circuit Court of Appeals found this Court to have erred both in vacating the dismissal of the claims against CHSI and in remanding those claims to state court.

The first motion for injunctive relief could not be appealed without having first been ruled on by the district court, and so the motion was technically no longer "pending" at the point it was appealed. *See Rekstad v. First Bank System, Inc.,* 238 F.3d 1259, 1261 (10th Cir. 2001) (federal courts ordinarily have appellate jurisdiction over *final* decisions) (emphasis added). However, the Tenth Circuit's reversal of this Court's ruling with its explicit mandate language, has effectively revived the motion, which is now "pending" before this Court.[5]

## II. Request/Motion for Preliminary Injunction

---

[5] As mentioned in the choronology above, Mountain View filed the first motion for injunctive relief (Doc. 207) and CHSI filed the second and instant motion (Doc. 277). The Tenth Circuit mandate directs this Court to rule on "CHSI's request for injunctive relief." 881 F.3d at 806. Since both motions request identical injunctive relief, the Court will address the most recent motion, which is Docket 277.

To obtain a temporary restraining order or preliminary injunction, the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *Attorney Gen. of Okla. V. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009) (quotation omitted).

Defendant seeks to enjoin the Estate and its counsel from relitigating the dismissal of CHSI for lack of personal jurisdiction in order to effectuate the Tenth Circuit's Opinion and Judgment. Plaintiff claims that neither this Court nor the Tenth Circuit had any jurisdiction to alter the state court's denial of CHSI's motion to dismiss. Plaintiff also contends that Defendant does not meet any of the four factors for injunctive relief.

A.    Likelihood of Success on Merits

The Court agrees with CHSI's counsel that one need not go beyond the Tenth Circuit mandate to decide this first factor. Defendant contends that state court litigation on the personal jurisdiction issue is barred by both the mandate as well as the parties' previous stipulation on appeal as to these claims.

The Tenth Circuit expressly held that this court properly dismissed CHSI for lack of personal jurisdiction, and that it was "improper" to later vacate that dismissal simply because we had no subject matter jurisdiction. It further stated that its mandate "barred any further action with respect to the claims against CHSI." 881 F.3d at 801. This directive is explicit and direct and yet Plaintiff argues that this Court should ignore the mandate. Plaintiff argues that once the case was remanded to state court, this Court lost jurisdiction to the state court, which revived the state court's previous denial of CHSI's motion to dismiss for lack of jurisdiction. Relying on the Tenth Amendment, Plaintiff's counsel argues that the Tenth Circuit Court of Appeals ruling is

not enforceable, that the state court's denial of CHSI's motion to dismiss on the basis of personal jurisdiction is still in full force and effect, and that the federal court (including this Court and the Tenth Circuit Court of Appeals) violated the Tenth Amendment by dissolving the state court's order denying CHSI's previous motion on personal jurisdiction because it had no authority or jurisdiction to do so.[6]

Plaintiff's argument is flawed in several aspects. First, counsel overlooks the fact that after CHSI's claims were remanded to state court, CHSI appealed this Court's ruling—which CHSI was entitled to do. The Tenth Circuit's opinion stated that this Court had "properly exercised its sound discretion in ruling initially (before the appeal to this court) that it could address personal jurisdiction over CHSI before resolving subject-matter jurisdiction," explaining that a district court without subject matter jurisdiction "can address personal jurisdiction." 881 F.3d at 798. This Court is therefore required to follow the Tenth Circuit mandate and still retains jurisdiction to do so.

Second, Plaintiff ignores the clear legal basis for this Court's jurisdiction and authority to have initially dissolved the state court denial of CHSI's motion to dismiss. In his September 2012 order granting CHSI's motion to dismiss for lack of personal jurisdiction, Judge Brack explained the legal basis for the federal court's authority to overturn the state court's denial. Judge Brack noted that when a case is removed, interlocutory state court orders "are transformed into orders of the federal district court." Doc. 60 at 3 (citing *See In re Diet Drugs*, 282 F.3d 220, 231-32 (3d Cir. 2002); *Payne v. Churchich*, 161 F.3d 1030, 1037 (7th Cir. 1998). This means that any state court orders after removal of the case would remain in full force and effect *until*

---

[6] . Plaintiff has filed a motion to strike CHSI's notice of the Tenth Circuit opinion advancing this same argument, and this motion is now pending in the underlying state court proceeding. See Doc. 227-4 (state court motion to strike CHSI's notice of 10th Cir. opinion stating that "a Federal Court without subject matter jurisdiction over a party cannot dismiss that party from a valid State Court case where subject matter jurisdictional over the parties exists").

"dissolved or modified" by the federal district court—which the federal court has both jurisdiction and authority to do. *See* 28 U.S.C. §1450 (Doc. 60 at 3). The Court also rejected Plaintiff's collateral estoppel argument because the doctrine did not apply where there had been no final adjudication on the merits.

Third, this Court would not be overstepping its jurisdictional bounds in granting injunctive relief, assuming that Defendant meets the requirements for such relief. As noted above, a federal court is authorized to enjoin state court proceedings when necessary "to protect or effectuate its judgments." 28 U.S.C. §2283. A federal court may enjoin state court proceedings to avoid relitigation of an issue that was previously presented to and decided by the federal court. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). ("relitigation exception was designed to permit a federal court to prevent state litigation of an issue that was previously presented to and decided by the federal court") (citing to 28 U.S.C. §2283). This is exactly this kind of relitigation which CHSI seeks to prevent here.

The first factor supporting injunctive relief weighs unequivocally in favor of CHSI.

B.    Irreparable Harm

CHSI claims it will suffer irreparable harm from Plaintiff's prosecution of the state-court litigation likelihood that the movant will suffer irreparable harm in the absence of preliminary relief. In this case, Defendant would be forced to relitigate in state court issues previously decided by this Court, which is itself is considered irreparable harm. *See, e.g., In re SDDS, Inc.,* 97 F.3d 1030, 1041 (8th Cir. 1996) ("Requiring [defendant] to relitigate in the state court issues previously decided by this Court constitutes an irreparable harm."); *Ballenger v. Mobil Oil Corp.*, 138 Fed App'x 615, 622 (5th Cir. 2005) ("[D]emonstrating that the state litigation

concerns an issue already decided by the federal courts is sufficient to demonstrate both the harm of continuing the state litigation and the lack of an adequate remedy at law.").

Plaintiff contends that CHSI's alleged harm is neither irreparable nor immediate because any alleged injury by CHSI amounts to continued participation in the ongoing state court litigation. Plaintiff also argues that CHSI will be suffering only economic injury by defending this case. *See Heideman v. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) ("[E]conomic loss usually does not, in and of itself, constitute irreparable harm."). The Court is baffled by the argument that forcing CHSI to defend its position in state court merely involves a matter of money. Having been dismissed from this case for lack of personal jurisdiction, CHSI no longer has a forum from which to argue its position in the state court, and is entitled not to have to enter an appearance to defend this position at all. Therefore, from Defendant's viewpoint, CHSI has the right not to be brought into court at all when there has already been a determination that personal jurisdiction does not exist, not to mention the concomitant considerations of inconvenience, time and effort. In addition, it is obvious that CHSI would not be anxious to relitigate an issue that has already been decided in its favor, and an inconsistent ruling by state court (even if it were legally permitted) would amount to harm that cannot be remedied economically. Because such harm is indeed irreparable, this second factor weighs heavily in Defendant's favor.

C. Balance of Equities

CHSI next argues that there is no harm to the estate by the issuance of injunctive relief, since Plaintiff has no protectable interest in disregarding the Tenth Circuit Mandate, and in backing out of its previous stipulation regarding those claims. Plaintiff claims the balance is in her favor because she has a constitutional right to a trial by jury. However, as Defendant points

out, Plaintiff has no constitutional right to assert claims against a party over which the court has no personal jurisdiction. This third factor weighs in favor of Defendant.

D.    Public Interest

For this last factor, CHSI contends that this factor weighs in its favor because it promotes compliance with federal court orders and prevents relitigation of matters already decided, which is in the public interest. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 266 (1994) (stating that federal courts should foster "a rule of law that gives people confidence about the legal consequences of their actions"). The public has an interest in the binding and preclusive effect of legal matters that have been decided. Also, a litigant (such as Defendant) has an interest in not being haled into Court in the absence of personal jurisdiction.

Plaintiff contends that the public has an interest in making sure that corporations such as CHSI are held accountable when a New Mexican citizen is injured as a result of their negligent behavior. However, the public has no interest in holding accountable a corporation over which the courts in this state have no personal jurisdiction, although it can always be held accountable in a court with jurisdiction over that party.

This last factor also weighs in favor of Defendant.

**CONCLUSION**

In sum, the Court finds and concludes that it has jurisdiction to hear the instant motion, and that Defendant CHSI has demonstrated that all four factors necessary for this Court to issue an Order awarding injunctive relief.

At the hearing, Plaintiff's counsel requested supplemental briefing on the issues raised and discussed. The Court denied this request. While the Court appreciates the short time span counsel had in which to respond to Defendant's motion, the Court also finds that the matter has

been sufficiently briefed in this Court. The matter is a relatively simple one: this Court is bound by the Tenth Circuit Mandate, and that any further supplemental briefing—if it does become necessary—would be more appropriate at the appellate level, should Plaintiff's counsel wish to appeal this Court's ruling on Defendant's motion.

Finally, the Court notes that CHSI has requested a preliminary injunction and recognizes that in order to obtain a preliminary injunction, a likelihood of success on the merits is required rather than actual success on the merits. *See University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1833 (1981) (The injunction standard of probable success on the merits is not equivalent to actual success on the merits. In this case, however, final judgment has already been entered (Doc. 213), and so the Court assumes that Defendant is not requesting relief beyond what was sought in this motion.

A separate Order of Injunction shall issue.

**THEREFORE,**

**IT IS ORDERED** that Defendant CHSI's Motion for Temporary Restraining Order and Preliminary Injunction, filed by Defendant Community Health Systems, Inc. ("CHSI") **(Doc. 226)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE